CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Ste. 200
San Diego, CA 92111
phylg@potterhandy.com

Attorneys for Plaintiff

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (858) 375-7385

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard Konopacki**,<br><br>　　　Plaintiff,<br><br>　v.<br><br>**Reed's Ranch Market Inc.**; and Does 1-10, inclusive,<br><br>　　　Defendants. | Case No.<br><br>**Complaint for Injunctive Relief and Damages for Violations of:**<br><br>1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq.*;<br>2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

1

Complaint

**INTRODUCTION**

1. Plaintiff Richard Konopacki ("Plaintiff") brings this lawsuit alleging that Defendants Reed's Ranch Market Inc. and Does 1-10 ("Defendants") have failed to ensure that individuals with disabilities who use service dogs have full and equal access to the goods, facilities, programs, services, and activities offered to members of the public at Reed's Sentry Supermarket, a market located in Shingletown, California ("Market").

2. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, facilities, programs, services, and activities offered at the Market independently and in a manner equal to individuals without disabilities.

3. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him, and similarly situated persons, "full and equal" access to Defendants' public facilities as required by law.

4. Plaintiff also seeks to be compensated for his damages and for Defendants to pay him reasonable attorneys' fees, and the costs and litigation expenses incurred in enforcing his civil rights.

**PARTIES**

5. Plaintiff Richard Konopacki is, and at all times relevant herein was, an individual and California resident.

6. Defendant Reed's Ranch Market Inc. is, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business located at 7007 Shingle Glen Trail, in the City of Shingletown, California, 96088.

Complaint

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

Complaint

11.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

12.     Plaintiff Richard Konopacki is, and at all times relevant herein was an individual with physical impairments including an amputation of his right leg and blown out discs in his back.

13.     Plaintiff's physical impairments significantly limit his mobility, ability to care for himself, ability to perform manual tasks like standing back up when he falls, and ability to work.

14.     Plaintiff uses a service dog that has been individually trained to do work and perform tasks for him related to his disability.

15.     Plaintiff's service dog provides Plaintiff with mobility assistance and balancing.

16.     Plaintiff's service dog physically assists Plaintiff by serving as a brace and assisting him with standing up after a fall and getting up from supine and seated positions.

17.     Plaintiff's service dog is a Rhodesian Ridgeback of calm temperament weighing approximately ninety-four pounds.

18.     Plaintiff's service dog is, and at all times relevant herein was, current in its vaccinations.

19.     Plaintiff's service dog is, and at all times relevant herein was, licensed through the County of Shasta.

20.     Plaintiff's service dog is, and at all times relevant herein was, certified as a service dog through the County of Shasta.

Complaint

21. Defendant Reed's Ranch Market Inc. ("Reed's") is, and at all times relevant herein was, the owner, operator, lessor and/or lessee of the Market, located at 7007 Shingle Glen Trail, in the City of Shingletown, California.

22. The Market is a grocery store and marketplace that offers a deli/grill and well-stocked hardware area, among other amenities and goods, to members of the public.

23. On May 13, 2019, Plaintiff went to the Market to relax and enjoy a cup of coffee.

24. Plaintiff was accompanied by his service dog.

25. At all times relevant herein, Plaintiff's service dog was under Plaintiff's control, on a leash, and well behaved.

26. At all times relevant herein Plaintiff's dog was wearing a vest identifying it as a working service dog.

27. When Plaintiff arrived at the Market, he was approached by the owner of the Market, who on information and belief is Mr. Carl Reed.

28. Mr. Reed told Plaintiff that his service dog could not enter the Market.

29. Plaintiff explained to Mr. Reed that his dog was a service dog.

30. Mr. Reed responded to Plaintiff that he did not care if Plaintiff's dog was a service dog.

31. Plaintiff informed Mr. Reed that he had seen a service dog at the Market before.

32. Mr. Reed told Plaintiff that the dog he saw previously was different because it was the dog of a blind man.

33. Plaintiff told Mr. Reed that he will find an attorney and sue.

34. Mr. Reed told Plaintiff to "go ahead."

Complaint

35. Approximately two months later, in or about the middle of July 2019, Plaintiff went back to the Market to have coffee with a friend.

36. Plaintiff was again accompanied by his service dog and hoped that Mr. Reed had been educated about the rights of people who use service dogs since his last visit.

37. Plaintiff was able to have coffee at the Market on this occasion without seeing Mr. Reed or being confronted about his service dog.

38. A few days later, Plaintiff went back to the Market to avail himself of its goods and services. Again, Plaintiff was accompanied by his service dog.

39. On this occasion, Plaintiff was met at the door to the Market by the Market's clerk, Mr. Abraham Walsh.

40. Mr. Walsh told Plaintiff that he was not allowed in the Market.

41. Plaintiff left the Market.

42. After this visit, a sign was posted at the Market stating that the Market has the right to refuse service to anyone. Plaintiff was told that the sign was put up in response to his visits.

43. Plaintiff has been deterred from returning to the Market since July 2019.

44. Plaintiff plans to return to the Market in the future once Defendants' discriminatory service dog policies are modified.

45. As long as Defendants' discriminatory policies persist, Plaintiff will continue to be denied full and equal access to the Market, and will suffer ongoing discrimination by being excluded and deterred from going there. The nearest alternative hardware store is approximately twenty-five miles away.

46. The nature of Defendants' discrimination, as alleged herein, constitutes an ongoing violation, and unless enjoined by this Court, will result

in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

# FIRST CAUSE OF ACTION
## Title III of the Americans with Disabilities Act
## 42 U.S.C. § 12101 *et seq.*

47. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

48. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

49. Plaintiff is, and at all times relevant herein was a person with a "disability" as that term is defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

50. Grocery stores and other sales establishments, and establishments serving food or drink are among the "private entities" which are considered "public accommodations" for purposes of ADA. 42 U.S.C. § 12181(7)(B) and (E).

51. The Market is a grocery store, sales establishment and establishment that serves food or drink, and is therefore a place of "public accommodation" under Title III of the ADA.

52. Defendants own, operate, and/or lease the Market.

53. In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendant's discriminatory conduct includes, *inter alia*:

7

Complaint

a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities offered at the Market, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a);

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii), 28 C.F.R. § 36.202(b);

c. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.302(a);

d. Failing to modify policies, practices, or procedures to permit the use of a service animal by Plaintiff. 28 C.F.R. § 36.302(c)(1);

e. Failing to permit Plaintiff to be accompanied by his service animal in all areas of the Market where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302(c)(7); and

Complaint

    f. *Assuming arguendo* that the exclusion of Plaintiff's service animal was proper, failing to give Plaintiff the opportunity to obtain the goods, services, and accommodations of the Market without having the service animal on the premises. 28 C.F.R. § 36.302(c)(3).

54. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

55. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

56. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

57. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

58. Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

59. The Market is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.

60. In acting as herein alleged, Defendants have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights

Complaint

to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Market.

61. In acting as herein alleged, Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA. (See Plaintiff's First Cause of Action.)

62. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

63. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code § 54 *et seq.*
### (*Statutory damages and attorneys' fees only*)

64. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

65. The Disabled Persons Act ("CDPA") provides that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … places of public accommodation, … , and other places to which the general public is invited" Cal. Civ. Code § 54.1(a)(1).

66. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

67. The Market is a place of public accommodation where the general public is invited and, as such, must be operated by Defendants in compliance with the provisions of the CDPA.

68. Defendants have violated the CDPA by, *inter alia*, denying and/or interfering with Plaintiff's admittance to or enjoyment of the public facilities at the Market.

69. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA. (See Plaintiff's First Cause of Action.)

70. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

71. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees as set forth below.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act:
   a. Ordering Defendants to develop and adopt general non-discrimination policies;
   b. Ordering Defendants to modify its policies and practices to avoid discrimination based on an individual's disability-related use of a service dog; and

Complaint

     c. Ordering Defendants to train its staff and management regarding the rights of people with disabilities who use service dogs and their obligation to avoid discrimination.

     ***Note:*** *the Plaintiff is not invoking section 55 of the California Civil Code and is **not** seeking injunctive relief under the CDPA.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: October 15, 2019

By: *Michelle Uzeta*
Michelle Uzeta
Attorneys for Plaintiff

12

Complaint